Coburn, Executor, *v.* Hall and Others.

Complaint by *A.*, *B.* and *C.* against *D.*, executor of *E.* The complaint
alleged that *E.*, in his lifetime, in consideration of rescinding a sale of real
estate sold by him to the plaintiffs, was indebted to them severally in the
following sums: to *A.* 200 dollars, to *B.* 200 dollars, and to *C.* 100 dollars,
payable according to the effect of a certain writing, as follows: *E.* agrees to
pay what he thinks is right in case of a "quit-off"—to *A.* and *B.* 200 dol-
lars each, and to *C.* 100 dollars, each one to be paid one-half on, &c., and
the balance on, &c. Averment, that the several sums were due and unpaid,
&c. The allegations in the complaint having been denied, the plaintiff,
having first shown the instrument to be in *E.*'s handwriting, offered *it in*

evidence to the jury, and then proved by a witness that in a conversation between him and the testator, the latter said he owed *A.*, *B.* and *C.* 500 dollars.

*Held,* that the complaint was sufficient on demurrer.

*Held,* also, that the evidence concerning the conversation with the testator, did not apply to the case made by the complaint.

*Tuesday,
December 18.*

APPEAL from the *Marion* Court of Common Pleas.

DAVISON, J.—*Joshua Hall, James Campbell* and *Charles Campbell* were the plaintiffs below, and *John Coburn*, executor of the last will, &c., of *Aaron Alldredge*, deceased, the defendant. The complaint is, that *Alldredge*, in his lifetime, in consideration of rescinding a sale of certain real estate sold by him to the plaintiffs, was indebted to them severally in the following sums: to *Joshua Hall* 200 dollars, *James Campbell* 200 dollars, and to *Charles Campbell* 100 dollars, payable according to the effect of a certain writing, in these words:

"*Alldredge* agrees to pay what he thinks is right in case of a quit-off, to *Joshua Hall* and *James* [meaning *James Campbell*] 200 dollars each, and *Charles Campbell* 100 dollars; each one [to be paid] one-half on the 1st day of *April*, 1852, the balance on the 1st day of *April*, 1853, without interest till due."

It is averred that the aforesaid several sums of money are due and unpaid, &c.

The Court overruled a demurrer to the complaint; whereupon the defendant answered—1. That each and every allegation in the complaint was untrue; 2. That the agreement was void, under and by virtue of the statute of frauds; 3. Want of consideration. Issues being made, the cause was tried by the Court, who found for *Joshua Hall* 227 dollars, for *James Campbell* 227 dollars, and for *Charles Campbell* 113 dollars; and over a motion for a new trial, judgments were severally rendered in accordance with the finding of the Court.

Upon the trial, the plaintiffs having first shown the writing set forth in the complaint to be in the handwriting of *Alldredge*, the testator, offered it in evidence to the jury. Its introduction, though resisted by the defendant, was

admitted by the Court. The plaintiffs then produced one

*Furguson*, who testified "that in a conversation he had with *Alldredge*, he, *Alldredge*, said he owed *Joshua Hall* and the *Campbells* 500 dollars." This was all the evidence.

The complaint, upon its face, states a sufficient cause of action; and in our opinion the only question arising in the record is this: Does the evidence sustain the finding of the Court? It is alleged that the rescinding of a sale of certain real estate, sold by *Alldredge* in his lifetime to the plaintiffs, was the consideration of his promise. This allegation was evidently material, and it was incumbent upon the plaintiffs to prove it. Have they done so? The writing was not signed by *Alldredge*, and can not, therefore, be regarded the foundation of the suit. Fairly construed, it contains nothing more than an offer to pay in case such rescission of sale should take place; and that was all the writing itself could prove when before the jury as evidence in the cause. It did not, in any degree, conduce to prove that the sale in question had been rescinded. But a witness testified that in a conversation had with *Alldredge*, he said that he owed the plaintiffs 500 dollars. This evidence does not apply to the case made by the complaint. It proves that *Alldredge* was indebted to the plaintiffs jointly, when the charge is that he owed them severally. When did this conversation take place? To what did it relate? The record furnishes no answer to these questions. Indeed there is no evidence, direct or inferential, tending to prove the rescission of a sale of real estate.

We think the finding of the Court, upon the evidence before it, is plainly erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*N. B. Taylor* and *E. Coburn*, for the appellant.

*L. Barbour* and *A. G. Porter*, for the appellees.